APONTE ET AL., DEMANDANTES Y APELANTES, *v.* GARZOT ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad y reivindicación de finca.

No. 2021.—Resuelto en junio 17, 1920.

REIVINDICACIÓN—CAUSA DE ACCIÓN—INEXISTENCIA DE VENTA POR SER SIMULADA.— Los herederos de una persona a favor de la cual se traspasó simuladamente y sin que mediara precio el dominio de una finca de cuya posesión no se desprendió el vendedor, y cuya finca fué luego vendida en licitación pública para pago de contribuciones, no tienen causa de acción para demandar del comprador en subasta la reivindicación del inmueble bajo el fundamento de ser nula la venta por defectos en el trámite de la subasta.

ID.—DOCUMENTO PRIVADO—ADMISIONES DE UNA PARTE EN SU CONTRA.—En el presente caso se resolvió que de acuerdo con los números 2 y 4 del artículo 35 de la ley de evidencia era admisible como prueba el documento privado por el cual la persona a cuyo favor se traspasó la finca reconoció al día siguiente

del traspaso que éste fué simulado y sin que mediara precio y que si tal manifestación no era suficiente en derecho, trasmitía de nuevo la finca a su verdadero dueño el vendedor.

ID. — NOTIFICACIÓN POR CORREO — RESIDENCIA DEL ABOGADO. — Actuando interinamente como Registrador de la Propiedad de Caguas el abogado de los demandantes en el presente caso y no pudiendo ausentarse de la población sin permiso del juez de distrito, estuvo bien dirigida la notificación que por correo le hicieran a Caguas los demandados participándole la fecha en que habría de tomarse en Humacao la deposición de testigo; y no cometió error la corte al admitir tal deposición como evidencia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. R. F. Savage* y *F. Vázquez.*

Abogado de los apelados: *Sr. A. Aponte, Jr.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se trata de una apelación de los demandantes en este pleito contra la sentencia que declaró sin lugar la demanda de reivindicación de una finca nombrada "Fortuna," del pueblo de Naguabo, con sus frutos producidos y podido producir.

Según escritura pública de 22 de enero de 1885, Alejandro Viader Soler vendió a Petrona Geigel varias fincas, entre ellas una nombrada "Fortuna" radicada en el pueblo de Naguabo, todas por precio de 65,900 pesos que el vendedor confesó haber recibido de la *compradora antes del otorgamiento de la escritura. El mismo día Petrona Geigel confirió a Alejandro Viader Soler poder amplio y general para que la representase y administrase dichas fincas. En el año 1889 la finca "Fortuna" fué vendida en pública subasta por el Ayuntamiento de Naguabo por débito de contribuciones y la adjudicó a Juan Garzot a quien pertenece desde entonces.

Petrona Geigel murió el 20 de febrero de 1902 dejando como heredera a su única hija Clemencia Dávila, quien a su vez falleció el 26 de julio de 1916.

Veinte y siete años después de la venta a Garzot en la subasta de la finca "Fortuna" y un año después de la muerte de Clemencia Dávila, los apelantes, herederos de ésta, demandaron al comprador Garzot, a la hermana y coheredera

Aurora Aponte, heredera testamentaria de su madre en los dos tercios de libre disposición y de mejoras así como de su sexta parte en el tercio de legítima y a Francisco Simonet, viudo de Clemencia Dávila, alegando que el procedimiento de apremio para el pago de contribuciones seguido por el Ayuntamiento de Naguabo que produjo la venta en subasta a Garzot de la finca "Fortuna" es nulo y que debe devolver dicha finca a los herederos de Clemencia Dávila con más los frutos que ha producido y que ha podido producir desde que entró en posesión de ella.

Se opusieron todos los demandados a las reclamaciones que hacen los demandantes y los herederos demandados Aurora Aponte y Francisco Simonet, alegaron como materia de defensa, que los descendientes de Petrona Geigel no tienen título alguno a dicha finca porque su abuela nunca fué dueña de ella por ser simulada y sin mediar causa la venta que le hizo Alejandro Viader Soler y sin que Viader se desprendiera de su propiedad, hechos que han reconocido los demandantes, los que están imposibilitados de negar la simulación de dicho traspaso por haber inducido a todo el mundo a creer en esa simulación con sus hechos, sus actos y su conducta y que Petrona Geigel nunca tuvo la posesión de tal finca. Alegan también estos demandados que los demandantes Joaquín y José Aponte no tienen interés alguno en la herencia de su madre Clemencia Dávila, careciendo de causa de acción por haber cedido todas sus acciones y derechos en dicha herencia a favor de Francisco Simonet, y que Petrona Geigel, Clemencia Dávila y sus hijos han reconocido siempre a Garzot como dueño de la finca y se hallan impedidos de negarle ese derecho.

El otro demandado Juan Garzot alegó como materia nueva de defensa que cuando compró la finca "Fortuna", Petrona Geigel ratificó dicha venta; que la acción de los demandantes ha prescrito conforme a lo dispuesto en los artículos 1268 y 1858 del Código Civil de Puerto Rico, equivalentes a los 1301 y 1957 del Código Civil Español; que desde hace más de

veinte y siete años está en la posesión quieta, pacífica y sin interrupción, de manera pública y notoria en concepto de dueño, con buena fé y justo título, actos todos conocidos y sancionados por Petrona Geigel y por su hija Clemencia Dá-vila quienes lo han reconocido siempre como único y absoluto dueño.

Para probar Aurora Aponte y Francisco Simonet sus alegaciones presentaron un documento privado firmado por Petrona Geigel el 23 de enero de 1885 en el que, para evitar perjuicio en todo tiempo a Alejandro Viader Soler, hace constar que el día anterior dicho Viader le traspasó en venta por escritura pública varias fincas y acciones por valor de $65,900 moneda comercial que confesó haber recibido antes del otorgamiento; que toda vez que la compra fué hecha por complacer a Viader y sin que mediara ningún precio cierto y verdadero, siendo en todo simulada dicha escritura de compra venta, le otorgó acto seguido ante el mismo notario un poder general para que a su antojo pudiera disponer libremente de sus bienes como verdadero y legítimo dueño de ellos, pero que si tal formalidad no fuera bastante en derecho para proteger a Viader, cedía, renunciaba y traspasaba en su favor todos los derechos y acciones que pudiera ella tener o corresponderle en dichos bienes jurando y protestando que nunca demandaría contra él y que siempre lo reconocería como único y absoluto dueño de los citados bienes, comprometiéndose a otorgarle escritura pública de traspaso tan pronto se lo exija y obligándose a estar y pasar por lo consignado en el documento privado.

Según otros particulares de la evidencia, Petrona Geigel era una mujer pobre que vivió muchos años como recogida en la casa de Alejandro Viader Soler atendiendo al cuidado de sus hijos.

También presentaron dichos demandados como prueba la deposición que al comenzar el pleito prestó Aurora Aponte en la que bajo juramento declaró que la firma del anterior documento privado es de su abuela Petrona Geigel, que ésta

no tenía bienes en 1885, que ese documento lo conocían su madre, la testigo y sus hermanos por lo que reprobó la demanda y advirtió a los demandantes que no fueran a la corte con este pleito.  En cuanto al último particular de la materia nueva de defensa referente a que los demandantes y sus antecesores habían reconocido a Garzot como dueño de la finca no se presentó prueba alguna.

En vista de los hechos expuestos, la primera cuestión que surge es si los demandantes pueden ejercitar la acción de reivindicación que han establecido en este pleito.

Uno de los requisitos necesarios para poder ejercitar con éxito la acción reivindicatoria es que el que reclama la cosa sea dueño de ella y si bien en este caso se otorgó un título de compra de la finca en litigio a favor de la abuela de los demandantes ella reconoció en otro documento otorgado al día siguiente no solo que tal compra fué simulada y sin causa ni precio, sino, además, que si tal manifestación no fuera suficiente en derecho trasmitía de nuevo dicha finca a su vendedor a quien consideraba único dueño de la misma, por lo que es claro que siendo nula dicha venta por carecer de causa para el contrato y a mayor abundamiento trasmitida por Petrona Geigel a Alejandro Viader la finca en cuestión, no siendo dueña de ella dicha señora por las razones expresadas sus descendientes no han adquirido por herencia título alguno de propiedad sobre la finca "Fortuna" y no pueden por tanto ejercitar la acción reivindicatoria ni, por consiguiente, pueden atacar el título que el demandado Garzot tenga a tal propiedad.  Estando por virtud de ese documento imposibilitada Petrona Geigel de negar la simulación del contrato y de alegar título de dueña a la finca, los herederos de su hija y heredera, también se hallan en la misma imposibilidad que estaba su causante y carecen de acción para alegar derechos dominicales.

Cuando los demandados Aurora Aponte y Francisco Si-

monet alegaron la defensa mencionada los demandantes pi-
dieron que fuera eliminada y la negativa de la corte inferior
a esa pretensión se alega ahora como uno de los errores que
sirven de fundamento a este recurso de apelación; pero que
era pertinente y que la corte no cometió tal error lo demues-
tra la importancia que tal cuestión tenía en este pleito con
respecto a la capacidad de los demandantes para pedir la
reivindicación en concepto de dueños.

También se opusieron los demandantes a que se admitiera
en el juicio como prueba el documento privado que suscribió
su abuela el 23 de enero de 1885 a que hemos hecho refe-
rencia y la deposición prestada por Aurora Aponte.

Ya hemos dicho que el documento privado contenía una
buena defensa de Aurora Aponte y de Francisco Simonet
contra los demandantes por lo que era admisible aun siendo
documento privado, de acuerdo con el artículo 35 de la Ley
de Evidencia, números 2 y 4, según los cuales puede presen-
tarse en juicio evidencia del acto, declaración o admisión de
una parte, como evidencia contra ella, y el acto realizado o
declaración hecha por un difunto contra su interés, respecto
de sus bienes.

Con respecto a la deposición de Aurora Aponte resulta
que el 8 de marzo de 1917 el abogado de los demandados
cursó en Humacao por correo una notificación a Caguas di-
rigida a Fernando Vázquez, abogado de los demandantes,
participándole que el día 13 siguiente, de ocho a nueve de
su mañana, sería tomada dicha deposición en Humacao en
el domicilio de Aurora Aponte. No concurrió el abogado de
los demandantes a la toma de esa deposición quien en 24 de
julio siguiente manifestó a la corte que hasta entonces no
había tenido noticia de esa diligencia y pidió que se anulara
la deposición tomada o se le permitiera hacer repreguntas
a la testigo. Con la moción presentó su declaración escrita
y jurada en la que manifiesta que en la fecha indicada era

Registrador interino de Caguas, que del 6 al 13 de marzo estuvo en San Juan tomando parte en unas oposiciones, que no ha recibido pliego alguno con la notificación expresada y que tenía su bufete en Humacao a donde se trasladaba algunas veces con permiso del juez.   Dos empleados del Registro de Caguas juraron también en julio 24 que del 8 al 13 de marzo no recogieron en el apartado pliego alguno del abogado de los demandados dirigido al abogado Vázquez.

Los demandados presentaron varias contra declaraciones juradas según las cuales la notificación dicha fué puesta en el correo el día 8 de marzo dirigida al abogado de los demandantes y que éste tenía su oficina en Caguas desde algún tiempo antes.

La corte inferior negó la petición de los demandantes quienes por esos mismos motivos se opusieron a la admisión de dicha deposición y, además, por ser impertinente, extremo el último que ya hemos considerado antes.

No creemos que hubo error en la corte sentenciadora al admitir como prueba esa deposición, porque estando encargado el abogado Vázquez del Registro de la Propiedad de Caguas cuando la notificación se le envió por correo, aquél era el sitio donde debía enviársele toda vez que no podía abandonar la localidad sin autorización del juez, por lo que sólo eventualmente y con ese requisito podía trasladarse a Humacao.

Por todo lo expuesto creemos que la sentencia que declara sin lugar la demanda debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado del Toro.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.